# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1891.

---

### SIKES *v.* MILLER.

Decided May 30, 1891.

1. *Easement—Town plat.*
   The dedication of land for town purposes by recording a plat of the lots and blocks according to streets and alleys imposes no servitude upon the owner of a lot to front a business house, to be erected thereon, according to the lay of the lots on the plat.

2. *Nuisance—Action for damages premature when.*
   An action on behalf of an adjacent landowner will not lie to recover damages for the improper construction of a house not yet erected, where it is not apparent that damage from that source will inevitably ensue; nor for having opened an alley which might but has not become a nuisance.

APPEAL from *Benton* Circuit Court.

JAMES M. PITTMAN, Judge.

B. F. Sikes and others brought a joint suit for damages against W. A. Miller and others. The allegations of the complaint are substantially as follows.

In 1881 the St. Louis and San Francisco Railway Company constructed its railroad over a certain tract of land in Benton county, Arkansas, owned by B. F. Sikes, and estab-

lished a depot thereon. Sikes laid off the town of Rogers on the land, platted it into lots, blocks, streets and alleys, and had the plat recorded. Some of the lots were laid off for dwelling purposes, and some for business purposes, each lot fronting a street and running back to an alley through the center of the block. The east half of block 8 contains six lots fronting 50 feet east on Douglas street and running back west 140 feet to a north and south alley through the center of the block. Sikes sold these six lots between April and October, 1881, and the purchasers erected business houses thereon fronting east on Douglas street. Plaintiffs own all of the six lots except 1 and north half of 4, and have business houses thereon, making a continuous row of business houses on east side of block 8 fronting on Douglas street. They purchased their lots after Sikes had sold lot 1 and north half of lot 4, and after business houses had been erected thereon fronting east, and erected houses on their own lots, with the understanding and belief that all of said lots should be used for business purposes, and that the houses should front east on Douglas street, according to the plat of the town.

Afterwards, about June 1, 1889, defendants became the owners of lot 1 and north half of lot 4, and have torn away the business houses thereon, and have proceeded to erect and are now erecting thereon four large two-story brick business houses fronting north on Walnut street, and running back 70 feet to a five-foot alley, left open by defendants, west from Douglas street to the north and south alley running through the center of the block. The house on the northeast corner of the block presents a brick wall two stories high fronting on Douglas street, and the roofs of the houses slope south to the five-foot alley, thereby running the water off the roof on to the lots of the plaintiffs. By leaving open the five-foot alley it will be a place for refuse matter, dirt and garbage to collect, and by foul odors and filth therein will greatly depreciate the value of the plaintiff's lots.

Block 8 naturally slopes west from Douglas street, and is higher by six or eight feet on said street than at the north and south alley running through the center of the block. The water that flows from the roofs of the houses runs west; but if interrupted, as it will be, by the erection of these houses by defendants, it will be diverted from its natural channel, and thrown on the lots of the plaintiffs.

Plaintiffs and their grantors have, for more than seven years next before June 20, 1889, been in the peaceable and quiet enjoyment of their said lots, and have had business houses thereon for that period fronting east on Douglas street, and for the same time there have been substantial business houses on said lot 1 and north half of lot 4 fronting on said street. The business of the plaintiffs has been made valuable by such continuous frontage, and the interruption of the plan of the block would depreciate the value of their property and business. They gave defendants written notice, before they commenced the erection of their said houses, not to change the frontage; but the defendants refused to pay heed to their objection, and have continued the erection of their houses. By said wrongful acts of defendants, the plaintiffs, it was alleged, were jointly damaged in the sum of $5000.

On motion of defendants, the complaint was amended so as to show that plaintiffs own the lots in severalty and not jointly or in common, Sikes being the owner of south half of lot 4. Defendants then filed a motion to compel the plaintiffs to elect as to which one of them should prosecute the action, on the ground that it appeared from the complaint that they had no common interest in the subject of the action or in obtaining the relief demanded. The motion was sustained, and plaintiffs elected to prosecute the action in behalf of B. F. Sikes. A demurrer to the complaint was sustained. Sikes elected to stand upon his complaint and appealed.

*E. P. Watson* for appellant.

1. The lots of defendants were impressed with an easement in favor of appellants. A servitude was thereby created—a negative servitude, as no positive contract had been entered into at the time. the lots were sold by Sikes. Washb. on Easements, 17, 21, 22, 63. An equitable easement may arise without any contract, and it will take but slight circumstances to prove that one exists. 26 N. Y., 105 ; 38 *id.*, 165 ; 7 R. I., 1 ; 11 Gray (Mass.), 359 ; 87 N. Y., 400 ; 128 Mass., 326 ; L. R., 6 Exch., 252. One who takes land with a servitude upon it takes subject to the same liabilities as the grantor. Washb. on Easements, pp. 6, 225 ; 32 Iowa, 346 ; 3 Paige, Ch., 253 ; 3 Edw. Chy., 103 ; 5 Sandf. Ch., 590 ; 6 Allen (Mass.), 341 ; 97 N. Y., 285 ; 14 Stew. (N. J.), 606. When a town is laid off and platted, all persons purchasing lots do so with reference to the plan of the town as then existing. 58 Tex., 690. All purchasers purchase with reference to the town plat, and no one has a right to so change it as to injure other purchasers who purchased prior thereto. 12 R. I., 348 ; 9 Kans., 453 ; 33 Ga , 601 ; 18 Iowa, 361.

2. A nuisance was created by the change of the front of appellee's lots and by leaving open an alley through said block and flooding their lots from the roofs of their buildings, etc. The change of the block constituted a nuisance if it thereby injured the other property holders. Wood on Nuisance, pp. 123–128, 111–12 and note; Cooley on Torts, p. 579; Suth. on Dam., vol. 3, pp. 395, 396, 418 ; 18 Minn., 324; 80 N. Y., 579; 21 Iowa, 160; 34 Conn., 466; 19 Pick., 147 ; 6 L. R. Eq. Cases, 177 ; 49 Tex., 347 ; Coolcy on Torts, 565–6; 3 Suth. on Dam., 394–5 ; Wood on Nuisances, pp. 3, 8, 18, 867. It was not necessary for appellant to wait until damages actually occurred 14 Minn., 43 ; 3 Suth. Dam., p. 414. Privity of estate or contract not necessary. 130 Mass., 448 ; 7 R. I., 1.

*L. H. McGill* for appellees.

1. The action is premature. The nuisance must first be created and the damage suffered. Wood on Nuisance, secs. 103, 104, 835. Nor will an injunction be granted on the ground that a thing may become a nuisance, where it is not of itself a nuisance. 19 Am. & Eng. Enc. of Law, 832–3. It is no ground for action if the natural rainfall flows on lots by reason of their lower elevation. 28 N. W. Rep., 539.

2. The acts complained of do not constitute a nuisance. Wood on Nuisance, secs. 3, 4, 8, 9, 13, 103, 835, 867.

3. A mere dedication of land for a town site does not constitute an easement or servitude in the property of every purchaser of a lot, that the plan or plat of a town shall be adhered to in making improvements. An easement is an interest in land, and lies in grant, express or implied. 6 A. & E. Enc. Law, 139, 143. If appellant is damaged at all it is a clear case of *damnum absque injuria.*

PER CURIAM : The appellant suffered no legal injury from the appellee's refusal merely to front his house according to the lay of the lots on the town plat.

*1. Easement under town plat.*

The house is not yet constructed, and the alley has not become a nuisance. The appellant's action for damages is therefore premature. When actual damage has been done him by the manner in which the house is constructed, or when it becomes apparent that damage from that source will inevitably ensue, the plaintiff can maintain his action on that score. It is not made to appear that that time has arrived. The presumption is that the house will be so constructed as not to injure the adjoining property. *Springfield, etc., Ry. Co.* v. *Rhea,* 44 Ark., 262.

*2. When action for damages for nuisance is premature.*

Affirm.